UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIONDRAE BROWN,

                Petitioner,

    v.

DONALD R. HOLBROOK,

               Respondent.

Case No. C21-1058-BJR-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Diondrae Brown, proceeding *pro se*, is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Petitioner seeks to challenge a 2019 judgment and sentence of the King County Superior Court. (Second Am. Pet. (dkt # 16) at 1.) This Court twice declined service of Petitioner's habeas petition on Respondent but granted Petitioner leave to amend. (Dkt. ## 7, 10.) Following a careful review of the petition, and the balance of the record, this Court concludes that Petitioner's second amended habeas petition (dkt. # 16) should be DISMISSED without prejudice for failure to exhaust state court remedies, and that a certificate of appealability should be DENIED as to all claims.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

On May 9, 2019, Petitioner was convicted of four counts of first-degree robbery, one count of attempted first-degree robbery, two counts of second-degree assault, and one count of attempting to elude. (Second Am. Pet. at 1.) Petitioner was sentenced to 381 months. (*Id.*)

Petitioner's second amended habeas petition indicates that he filed a direct appeal of his convictions to the Washington Court of Appeals ("Court of Appeals") on "double jeopardy" grounds. (Second Am. Pet. at 2.) Based on this Court's review, the Court of Appeals affirmed Petitioner's convictions on May 18, 2020. *See State v. Brown*, 13 Wash.App.2d 288, 291 (Wash. App. Div. 1 2020). Petitioner's sole claim in his direct appeal concerned whether the sentencing court erred when it assessed five firearm enhancements and ran them consecutive to his base sentence. *Id.* at 289-90. The Court of Appeals concluded that, pursuant to RCW 9.94A.533(3)(e) and *State v. Brown*, 139 Wash.2d 20, 29 (1999), *overruled in part by State v. Houston-Sconiers*, 188 Wash.2d 1 (2017), Petitioner's firearm enhancements were mandatory, required to be served in total confinement, and required to run consecutive to all other sentencing provisions. *Id.* at 290.

Petitioner next sought review by the Washington Supreme Court. (Second Am. Pet. at 2). The Washington Supreme Court denied discretionary review on October 7, 2020. *See State v. Brown*, 196 Wash.2d 1013 (2020). On October 22, 2020, the Court of Appeals issued the mandate terminating review of Petitioner's direct appeal. *See* Mandate, *State v. Brown*, Court of Appeals Cause No. 799541-1-I.

On August 7, 2021, Petitioner submitted his first proposed federal habeas petition for filing. (Pet. (dkt. # 1).) Petitioner sought habeas relief on the grounds that: (1) he was not provided Miranda warnings at the time of his arrest or upon questioning at the police station; (2)

REPORT AND RECOMMENDATION - 2

1  that he only attempted to rob one bank, and not four; and (3) that he only assaulted one police

2  officer. (*Id.* at 5-6.) This Court declined service of Petitioner's first proposed habeas petition on

3  August 26, 2021, due to multiple deficiencies—including Petitioner's omission of any

4  information concerning exhaustion of his state court remedies as to the grounds raised in his

5  petition—and granted him leave to amend. (Dkt. # 7 at 3-4.)

6        On September 4, 2021, Petitioner filed an amended habeas petition. (Am. Pet. (dkt. # 8).)

7  In that petition, Petition sought habeas relief on the grounds that: (1) he was not provided

8  Miranda warnings; (2) he did not employ a firearm when robbing both banks as charged at trial;

9  and (3) the trial judge knew a woman who was seated on the jury. (*Id.* at 3-4.) On October 4,

10  2021, this Court again declined service of Petitioner's amended habeas petition due to

11  deficiencies, including the continued omission of information regarding the exhaustion of his

12  state court remedies as to the grounds raised in that petition. (Dkt. # 10 at 2.)

13        After this Court's grant of a 90-day extension of time on October 26, 2021 (dkt. # 12),

14  Petitioner filed a second amended habeas petition on December 30, 2021. (Second Am. Pet.) The

15  instant habeas petition seeks relief on the grounds that: (1) Petitioner was charged with

16  first-degree robbery and assault on the same person, but that those charges constituted double

17  jeopardy because he was also charged with being in possession of a firearm in relation to those

18  offenses; (2) Petitioner was overcharged as to his first count of first-degree robbery because he

19  was in possession of a note, and not a firearm; (3) Petitioner was provided an "all white jury, no

20  person of color"; and (4) Petitioner was given four gun enhancements on one case number

21  despite a firearm not being present. (*Id.* at 5-12.) In regard to state collateral review, Petitioner's

22  second amended habeas petition notes that he filed a motion under Washington Superior Court

23  Criminal Rule 7.8 in the King County Superior Court but omits any additional information about

REPORT AND RECOMMENDATION - 3

1  that filing. (*Id.* at 3, 12.) Petitioner also notes that he filed a personal restraint petition ("PRP") at

2  the Court of Appeals, which he indicates he received a hearing on, and that his PRP was denied,

3  but again omits any additional information regarding that filing. (*Id.* at 4, 12.)

4        This Court's investigation of the Washington state court appellate dockets reveals that

5  Petitioner's habeas petition failed to include a complete or accurate record of his state collateral

6  review proceedings. It appears that Petitioner recently filed two PRPs with the Court of Appeals

7  during the pendency of the instant matter. On November 4, 2021, Petitioner filed his first PRP.

8  *See* PRP, *Matter of Brown*, Court of Appeals Cause No. 83310-3-I. On November 17, 2021,

9  Petitioner filed a second PRP. *See* PRP, *Matter of Brown*, Court of Appeals Cause No.

10 83374-0-I. The Court of Appeals terminated review of his first PRP on November 24, 2021 (s*ee*

11 Order Terminating Review, *Matter of Brown*, Court of Appeals Cause No. 83310-3-I) and a

12 certificate of finality issued on January 6, 2022. *See* Certificate of Finality, *Matter of Brown*,

13 Court of Appeals Cause No. 83310-3-I. The Court of Appeals terminated review of his second

14 PRP on December 14, 2021. S*ee* Order Terminating Review, *Matter of Brown*, Court of Appeals

15 Cause No. 83374-0-I. A certificate of finality was due to issue on January 13, 2022.[1] *See*

16 Certificate of Finality, *Matter of Brown*, Court of Appeals Cause No. 83374-0-I.

17       **III.   DISCUSSION**

18       Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

19 ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of

20 habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the

21 petition and any attached exhibits that the petitioner is not entitled to relief in the district

22 court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Here, it

23

---

[1] It is unclear from the Court's review of the Washington state court appellate dockets whether the certificate of finality on Petitioner's second PRP has, in fact, issued at this time.

REPORT AND RECOMMENDATION - 4

appears that Petitioner failed to properly exhaust his state court remedies with regard to his grounds for relief before seeking federal habeas relief.

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). In *Picard*, the Supreme Court noted in relevant part:

> [I]t is not sufficient merely that the federal habeas applicant has been through the state courts. The [exhaustion] rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. *Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts*.

*Picard*, 404 U.S. at 275-76 (emphasis added).

In this case, as noted above, Petitioner was twice granted leave to amend to address the Court's noted deficiencies, including the omission of information regarding the exhaustion of his grounds alleged in the Washington state courts. Petitioner indicates in the instant petition that he raised all of his current grounds for relief through his direct appeal, that he raised his second, third, and fourth grounds for relief in his state post-conviction proceedings, and that he otherwise presented all of his grounds for relief to the Washington Supreme Court. (Second Am. Pet. at

REPORT AND RECOMMENDATION - 5

5-12.) However, based on the Court's review of Petitioner's direct appeal, it is clear that the only issue raised in Petitioner's state court proceedings concerned whether the sentencing court could impose concurrent sentences on his firearm enhancements, or otherwise depart from a required term of confinement on the firearm enhancements, under Washington state law. *See Brown*, 13 Wash.App.2d at 289-90. Petitioner's first, second, and third grounds for relief in his latest petition clearly do not seek federal habeas relief on such grounds. (*See* Second Am. Pet. at 5-10.) Though Petitioner's fourth ground for relief mentions that the sentencing court found it did not have the power to run his firearm enhancements concurrently, that ground for relief specifically takes exception to the quantity of firearm enhancements assessed on his one case number and further alleges that a firearm was not present for the imposition of the enhancements.[2] (*See id.* at 10.) As such, the Court finds that Petitioner's grounds for relief raised in the instant habeas petition do not present this Court with the same claim presented to the Washington state courts, which is necessary to satisfy the exhaustion requirement. *See Picard*, 404 U.S. at 275-76.

Furthermore, the Court notes that Petitioner failed to provide this Court with a complete record regarding the filings in his state collateral review proceedings. After this Court declined service and granted Petitioner leave to amend for a second time, Petitioner was granted an extension of time on the basis that he required additional time to consult legal counsel and to conduct further legal research. (Dkt. # 12.) But as detailed above, Petitioner filed two PRPs in

---

[2] Even if the Court were to find that Petitioner's mention of the sentencing court's determination on its inability to assess concurrent sentences on his firearm enhancements arguably exhausted his fourth grounds for relief, that claim is not cognizable in federal habeas. "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quoting *Lewis v. Jeffers*, 487 U.S. 764, 780 (1990)). Here, as previously noted above, the Court of Appeals concluded that the trial court did not err in assessing Petitioner's firearm enhancements at sentencing pursuant to RCW 9.94A.533(3)(e) and Washington state caselaw. *See Brown*, 13 Wash.App.2d at 291.

REPORT AND RECOMMENDATION - 6

1  November 2021 during the Court's granted extension. Petitioner failed to supply either PRP with
2  his habeas petition submission—or to clearly describe the content of the PRPs—to demonstrate
3  proper exhaustion of the grounds for relief raised in the instant petition.
4      Because Petitioner's second amended habeas petition fails to correct deficiencies
5  previously identified by this Court, and Petitioner's grounds for relief do not appear to have been
6  properly exhausted in the Washington state courts, the Court concludes that Petitioner's second
7  amended habeas petition is not eligible for federal habeas review.

8                  **IV.    CERTIFICATE OF APPEALABILITY**

9      A petitioner seeking post-conviction relief under § 2254 may appeal a district court's
10 dismissal of his federal habeas petition only after obtaining a certificate of appealability from a
11 district or circuit judge. A certificate of appealability may issue only where a petitioner has made
12 "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A
13 petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the
14 district court's resolution of his constitutional claims or that jurists could conclude the issues
15 presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537
16 U.S. 322, 327 (2003). Under this standard, the Court recommends that a certificate of
17 appealability should be denied as to all claims.

18                 **V.    CONCLUSION**

19     For the foregoing reasons, this Court recommends that Petitioner's second amended
20 habeas petition (dkt. # 16), and this action, be DISMISSED without prejudice for failure to
21 exhaust state court remedies, and that a certificate of appealability be DENIED as to all grounds
22 for relief. A proposed Order accompanies this Report and Recommendation.
23

REPORT AND RECOMMENDATION - 7

1 | Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2 | served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
3 | and Recommendation is signed. Failure to file objections within the specified time may affect
4 | your right to appeal. Objections should be noted for consideration on the District Judge's
5 | motions calendar for the third Friday after they are filed. Responses to objections may be filed
6 | within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter
7 | will be ready for consideration by the District Judge on **February 18, 2022.**

8 | The Clerk of the Court is directed to send a copy of this Order to Petitioner and to the
9 | Honorable Barbara J. Rothstein.

10 | Dated this 26th day of January, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8